Mr. Holmes, you are presenting the argument? I am, Your Honor. Very well, please go ahead. Are you Affymetrix also? Your Honor, I used to be Affymetrix and recently left Affymetrix, but I was previously at Affymetrix. Good morning. May it please the Court, I appear on behalf of Appellant Goldberg. The Board of Patent Appeals and Interferences erred on two central issues. First, the Board erred because it failed to give the involved claims in the Goldberg application their broadest reasonable construction in view of the Goldberg specification. Second, based on its erroneous claim construction, the Board then erred in deciding that the specification of the Goldberg application did not provide adequate written description support. So, addressing first claim construction, there are two independent claims in the Goldberg application, Claim 3 and Claim 1. The claims concern a method for synthesizing an array of biopolymers on a support comprising three steps, A, B and C. The key step in issue in both Claim 3 and Claim 1 is Step A. The text of Step A is set out in the briefs and also page A175 in the Joint Appendix. In essence, Step A of the claims is about performing a step in the synthesis of an array of biopolymers on a support wherein that support and one of the elements of the reaction chamber is moved relative to the other elements. That's the key. During said performing. Indeed, Your Honour. That's the limitation. We don't have problem proof, isn't it? If not, you better tell us why it isn't. Your Honour, the key is the where-in clause and what that modifies. The Board was required to give the claims their broadest reasonable construction. That's not disputed. It didn't. No one can dispute that that's the ground rule. Sure. How did that help you? Well, the Board construed the claim and the where-in clause to require that the sealing and the movement had to happen at the same time. That the chamber had to be sealed when the movement occurred. Is the reason for that the fact that the claims say that? Well, Your Honour, in that interpretation, we would submit the claim doesn't actually require that the movement must occur when the reaction chamber is sealed. Why not? I don't understand. Why isn't Judge Lurie correct? I thought he was suggesting that if it has to be during the operation, then we know that the chamber has to already have been sealed. Otherwise, the operation doesn't begin. Well, the operation, Your Honour, is more than just the chemistry step. There is the photolysis step, which is the activation step, which is part of the synthesis of the array. So it actually involves more than just the chemistry step. The chemistry step is important. That's part of the process. But when it says performing a step, that step is not only the chemistry step. So it's not only the sealed reaction chamber that this step is applying to. Isn't that the normal way one would read this claim? It's describing the performance of a step and then adding a feature of that step, where-in, etc. Your Honour, I would agree. And the way that I submit that the claim should be interpreted is that the where-in clause is modifying the subject of the previous clause prior to the comma. So the where-in is talking about the performing a step. So perform a step wherein one of the support and one of the elements is moved. It sounds to me like you're arguing the case you wish you had, rather than the case that's before us. We've got to look at the language before us, and it's hard to read it that way. Your Honour, I would submit that, again, when you're looking at various constructions in the interference, you're looking at the broadest reasonable construction. There may be different reasonable constructions, and the law says you have to pick the broadest reasonable construction. And it has to be reasonable. Indeed. Indeed. And we would submit that if you read the claims in the way the Board is reading the claim and interpreting it, it actually excludes the disclosed embodiment in Figure 6b of the specification, and therefore that is not reasonable. It is not the broadest reasonable interpretation of the claim. Tell us why it excludes 6b. Well, 6b is essentially a figure of the patent where it's like a clamshell device. We've heard in the earlier appeal a little bit about how the process works, but essentially you have a clamshell device. One part of the clamshell holds the support, and then the other part of the clamshell closes over that. Now, what Figure 6b discloses is that movement, the relative movement between the support and one of the elements when that comes together and is closed. But actually, the movement doesn't happen while the reaction chamber is sealed. The movement happens first, and then the reaction chamber is sealed. So to say that the movement in the ceiling has to happen at the same time is not something that is reflected in Figure 6b. Yes, but the movement has to be during said performing of the reaction, which can't occur when the clamshell is open. Your Honor, my response to that would be, well, it has to be during said performing. And the performing is not only when the reaction chamber is closed. What if it's performing? What? It's either the photolysis or the chemical addition of the monomer. Well, the performing a step in the synthesis includes inserting the support into the reaction chamber, so the reaction chamber at that point has to be open as well. So that if you're really performing a step in the synthesis only to occur when the reaction chamber is sealed, then that's different. What we're saying is that the step of synthesizing the array involves more, and as disclosed in the Goldberg application, discloses more than simply the chemistry step. It does also involve the… But the word being modified is the word reaction. Reaction seems like a very specific, singular part of the sequence. You're trying to roll it all together and say that it's all to be viewed as a single entity. I think, Your Honor, what we're saying is that the step in the synthesis is not only the reaction, because the reaction is the chemistry step which requires the chemicals to go over the support. But it is also a step which can take place when the chamber is open, which involves light activation on the support. And that is part of the synthesis. It's disclosed in the specification that there are the photolysis step and the chemistry step, but both of those are part of the synthesis of the array. So suggesting that construction that essentially excludes the photolysis step from the synthesizing step is really an incorrect and too narrow construction. I would have expected you to begin your argument or at least emphasize early in your argument the difference between Claim 1 and Claim 3 and the claim differentiation argument. Because in Claim 1, that claim contains the words we've been discussing here. That is, the element is moved relative to each other during said performance. Claim 3 is essentially the identical claim as Claim 1, but the language during said performing is missing. Your Honor, that's true. And there is a claim differentiation argument here. I think our principal position is that when it says during said performing, that's again referring back to performing a step. It's not saying during the performing of the reaction, the chemical reaction, part of that. I'm not sure that it really makes a difference because you still have a where-in clause as part of that step. And I would think the normal way of reading this, the most reasonable way, even giving it the broadest interpretation, is that the where-in limitation takes place during that step. And if I can respond to that, Claim 3 is different from Claim 1. There is a claim differentiation issue there. It doesn't say, as Your Honor has pointed out, during said performing. And also, in the words just before the where-in clause, it says in Claim 1, it says sealed movable relationship. And that word movable is not there in Claim 3. It simply says a sealed relationship. So, the movable, the moving, is only something that happens in relation to the performing of step. It's not something that has to happen while there is a sealed movable relationship. So, essentially, just to summarize, we would say that by failing to construe the claims in such a way as to incorporate the embodiment, that is not a reasonable construction and should not be adopted. And there, because of that, the Board erred on finding that there was not adequate written description for the claim. Just a question out of curiosity, and it's not really before us. How do you get nine inventors on a case that's not all that complicated? Your Honor, it may appear complicated. There's a lot of people involved in various aspects of the company. So, whoever wrote the application decided that was the right number. Mr. Kelber. Mr. Kelber, another offbeat question. Are you representing a company here? I represent Agilent. Agilent is the real party of interest for BASC. Your Honor, part of the problem that I heard in the discussion with counsel representing Affymetrix is the word step. What does that involve? And what Goldberg urges you to understand, and this is also at page 12 to 13 of its opening brief, is that the term step in its claims 1 and 3 must be understood in the broadest reasonable construction to embrace the entire array synthesis process from the addition of the first monomer to the deactivation of the last monomer. And Goldberg cites you to A1629 to 1630 for support for that proposition. It supports the contrary, Your Honor. Time after time after time, that portion refers to repeated activation and monomer addition steps. That's line 20 to 21. An activation step to activate selected regions of the substrate, line 22. Activation and coupling steps are repeated, lines 24 to 26, until the final deprotection step. And it goes on. Monomer addition step 28. Throughout the Goldberg specification as filed, the term step meant exactly what the board understood it to mean. You put on a monomer and you attach it. The chemistry step or the activation step. There are lots and lots of steps to building the biopolymer. It is never used, and the Goldberg brief doesn't take you to a place where it is used to describe the entire process. Because, you see, if we say the step of building the array that's recited in Claims 1 and 3 is that entire, very complicated process. Then you can, according to the Goldberg understanding, seal the two elements of the chamber, if there are two elements, and add your monomer. Unseal it, and then move one element in the support relative to the other element. And then withdraw it. But that's not the way the application is written. And it doesn't solve the same problem that we saw in 1519. Which is broadening your claim doesn't get rid of the embodiment that, according to the Goldberg argument, was too narrowly construed. By definition, the board's understanding of what Claims 1 and 3 meant must be subsumed within this broader claim. And that's not disclosed. The board specifically asked counsel for Goldberg in oral argument. What about that? And this was another attorney for Affymetrix. Mr. McGarrigle's response, and Mr. McGarrigle has a lot of experience with this. We've been on a lot of cases together. McGarrigle's response, that's a good question. But it supports the one document I'm talking about. And that's at A319. What about the claim differentiation point? I gather that for all the reasons you just set forth, the difference in Claim 1 and Claim 3 is really not of any consequence. Because the limitation in question is broader than that. And the wherein provision that is contained in both Claim 1 and Claim 3 relative to the claim step answers the question. Claim 3 comes closer, I think, to what Goldberg says now, but not at the board, was intended. But both claims have a wherein requirement. But normally you would say, okay, these claims should be interpreted to have different meaning. And the only difference are the two things that were pointed out. One, Claim 1 contains the phrase during said performing and also says movable, whereas Claim 3 doesn't. Well, Claim 3 doesn't have to say movable because it says moved. And in the lexicon of patent prosecution, if not patent infringement, movable is a troublesome term. So you think both claims essentially cover the same thing? Yes, Your Honor, in different words. And there's nothing forbidding that. They have different legal scope. But they both require the wherein clause to modify that performing step. And if it doesn't happen there, where is the movement happening? It's got to happen there. What's wrong with figure 6B in the description? 6B doesn't help you, Your Honor. 6B is a very traditional clamshell apparatus. It tells you that it cannot move, just as counsel acknowledged. Those two elements, the door and the frame, if you will, cannot move when they're sealed. And they've got to be sealed during the reaction or when performing the reaction. That's just the way it's built. You asked a question about how you come up with so many inventors. This is tough stuff. And, again, there is a need, I think, to understand what is going on with this invention. Why is this so important, this movable-sealed relationship? Well, it turns out, and if you read the Bass patent, you know this, it turns out that deposits of ambient water vapor interfere with the reaction. And so what Bass did was to set about putting up what we would call a gas shield. You blow gas up from a plenum to exclude that water vapor that you're trapping in the apparatus of 6B. That's what the invention is all about. That's what Goldberg does not describe because their case is not about that at all. I'm happy to answer your questions but never happy to belabor your time. I would only observe that this, in addition to having the too-many-embodiments problem, that we haven't gotten rid of moving when sealing just by broadening out the claim, and that, we know, is not described. This, too, comes to this Court fresh without having been discussed at all. And that, Your Honor, is not what the practice calls for. If there are any questions, I'd be glad to address them. Thank you. Mr. Holmes. Thank you, Your Honors. Counsel for Bass was suggesting that there are lots of steps in the Affymetrix that Goldberg is attempting to read this claim to cover every single step in the synthesis process from start to finish. And that is not what Claims 1 and 3, or any of the claims here, concern. It says, performing a step in the synthesis. And a step, we understand, and the person with skill in the art would understand, the reasonable construction is that it involves the monomer addition step. And the monomer addition step involves the phytholysis process, which is the activation of the monomers, the chemicals already on the surface, and the chemical addition of the next base. So we're not talking about every single step in the process covered by this claim. This step does involve two sub-steps, the phytholysis and the chemical step. The phytholysis does not have to happen in a sealed reaction chamber. But the step does require that there is, in this step, performing the step, that there is a sealed reaction chamber at some point in that step. But it doesn't require, the claim language does not require that throughout the entire step, the phytholysis and the chemistry step, that the reaction chamber is sealed. That is not what the words say. That is not what the specification, the Goldberg specification discloses. So to read the step as requiring the reaction chamber to be sealed throughout the entire process is just not the reasonable construction of that. And therefore, when we talk about what the wearing clause does, it modifies the performing a step, which counsel acknowledged. And in doing that, it's possible, it is reasonable to read the movement that occurs during part of that step when the reaction chamber is not sealed. Step A in our submission does not say that the movement has to happen, must happen, when there is a sealed relationship. And again, just coming back to the claim differentiation issue, I think that there is a difference between Claim 1 and Claim 3. Claim 3 was not copied directly from the BAS specification in order to provoke the interference. And Claim 3 doesn't have the word sealed movable relationship or say in that clause during step performing, as we've already covered. I think that I'd also just like to finish off by saying that the board did find that there was written description support for, if I could just, this is A14 to 15. The board did find that Goldberg describes the method of performing one step in the synthesis of an array of biopolymers on the support in a reaction chamber formed between two elements disposed relative to one another in a sealed movable relationship. The board found that Goldberg describes that. But then the board went on to say, well, what isn't described is that the relative movement happens when the reaction chamber is sealed. And therefore, because that was the claim construction, the written description was found to be lacking. And under our submission, under the proper construction, the reaction chamber does not need to be sealed, it doesn't have to be sealed when there's relative movement. And that is disclosed in Figure 6B of the specification. And therefore, there is adequate written support for the claims. And so, our submission is that the board's decision should be reversed. Thank you. We'll take this appeal also under submission.